**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4121**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEBRA ANN SCHMIDT,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, Chief District Judge.  (1:11-cr-00112-MBS-1)

---

Submitted:  July 26, 2012        Decided:  August 1, 2012

---

Before MOTZ, DAVIS, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Tommie DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Debra Ann Schmidt pled guilty to one count of willfully and knowingly embezzling, stealing, and converting to her own use money in excess of $1,000 belonging to the United States by unlawfully applying for and claiming per diem benefits paid by the United States Department of Energy, in violation of 18 U.S.C. § 641 (2006). Schmidt was sentenced to five years of probation. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court complied with Fed. R. Crim. P. 11 when it accepted Schmidt's guilty plea; and (2) whether the sentence imposed by the district court pursuant to 18 U.S.C. § 3553(a) (2006) was unreasonable or was otherwise imposed in violation of the law.

Because Schmidt did not move to withdraw her plea, we review her Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no error, as the magistrate judge fully complied with Rule 11 when accepting Schmidt's plea. Given no indication to the contrary, we therefore find that Schmidt's plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

2

Next we review Schmidt's sentence for reasonableness using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include improperly calculating the advisory Sentencing Guidelines range, failing to consider the § 3553(a) sentencing factors, sentencing using clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Here, we discern no basis to conclude that Schmidt's within-Guidelines sentence was either procedurally or substantively unreasonable. See United States v. Powell, 650 F.3d 388, 395 (4th Cir.) (noting this court presumes sentence within applicable Guidelines range to be reasonable), cert. denied, 132 S. Ct. 350 (2011).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Schmidt's conviction and sentence. This court requires that counsel inform Schmidt, in writing, of the right to petition the Supreme Court of the United States for further review. If Schmidt requests that a petition be filed,

3

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Schmidt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED